## STATE COURT OF APPEALS—Continued

### No. 635
### PORTAGE MARKET CO. v. GEORGE
Ohio Appeals, 9th Dist., Summit County

No. 796. Decided Feb. 25, 1924

**225. CHARGE TO JURY**—Submission of statute to jury when evidence substantiates violation of pure food act, though not pleaded, held not erroneous.

**923. PLEADING**—A general statute need not be pleaded.

**981. PURE FOOD LAW**—Knowledge of unwholesomness of food not necessary to constitute a violation of Pure Food Act.

WASHBURN, J.      Epitomized Opinion
Published Only in Ohio Law Abstract

Motion to certify this case, pending in Supreme Court.

This was an action to recover for an injury caused by the eating of unwholesome meat, which was unfit for human consumption. The Market Company sold to the mother of Charles George a certain veal roast for domestic use and immediate consumption, some of which was eaten by the boy and which caused him to become seriously ill. The evidence disclosed that the meat was thoroughly cooked.

The Market Company offered evidence tending to disprove these facts and tending to show that the meat was wholesome. At the instance of the Market Company the following interrogatory was submitted to the jury: "Do you find from the evidence that the veal roast purchased by the plaintiff's mother was unwholesome at the time it was sold to her by the defendant?" The jury returned a verdict for $5,000, whereupon defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. While the petition did not allege that the sale violated any statute, yet the petition did allege facts which, if true, constituted the violation of a state law; consequently the court in submitting the case to the jury upon one claim of negligence, to wit, the sale of putrid or unwholesome meat in violation of the state law, did not commit error.

2. It was unnecessary to plead a general statute in order to take advantage of this violation, as the mere allegation of facts, which, if true, constitutes a violation of the statute is sufficient.

3. Knowledge of the unwholesome character of the food sold is not necessary under GC. 12760 in order to constitute a violation of this section.

Attorneys—Carl M. Myers and Donald Gottwald, for Market Co.; Smoyer, Clinedinst & Smoyer, for George; all of Akron.

### No. 636
### BRETT v. DRAWE et al
Ohio Appeals, 8th Dist., Cuyahoga County

No. 5144. Decided June 9, 1924

**1008. REFERENCE AND REFEREES**—Finding on reference in action for accounting, sustained if not found incorrect.

ROBERTS, J.      Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action for an accounting. Brett was an advertising and selling expert and Drawe was an expert in organizing and efficiently conducting business enterprises. In September, 1921, he entered into a partnership for the purpose of discovering business enterprises which were in difficulty financially or otherwise. because of insufficient organization or conduct and of tendering their services for the purposes of relieving the troubles of such corporations and of obtaining capital for the further conducting of said business enterprises. Through the efforts of the plaintiff the partnership was employed by various companies.

The plaintiff claimed that the defendant refused him information as to the receipts and expenses, and that he had refused to account in any way in regard to the business affairs of the partnership. The court found the allegations true and ordered a hearing before a referee as to the amount due. After the referee had made his finding, which was confirmed by the court, an appeal was prosecuted to the Court of Appeals by the defendant, claiming that the referee found a larger sum to have been collected by Drawe than was actually collected. In affirming the report of the referee, the Court of Appeals held:

1. It cannot be said that the report of a referee finding that certain promissory notes had been paid was an erroneous finding or that the amount found due the plaintiff was incorrect.

Attorneys—White, Cannon & Spieth,, for Brett; H. O. Evans, for Drawe et al; all of Cleveland.

### No. 637
### COLLINS, Admr., v. REIERING
Ohio Appeals, 1st Dist., Hamilton County

No. 2269. Dec. 17, 1923

**473. ESTATES**—Suit by administrator of a mother's estate to recover from the son, money spent by the mother for the benefit of the son, is within the jurisdiction of the Common Pleas, and a general denial raises issues of fact for a jury

CUSHING, J.      Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common Pleas, wherein William B. Collins, administrator of

the estate of Mary Reiering, deceased, was plaintiff, and Joseph B. Reiering, son of said deceased, was defendant. The petition asked for the the recovery of a sum of money which the mother had in 1917, when the son was absent in the war, paid to the Norwood Sash & Door Co. for material previously furnished by the company to the son for the construction of a house. The petition sought to recover also for board and lodging which the mother had furnished the son. The answer was a general denial.

At the trial, on motion of defendant, the Common Pleas directed a verdict for defendant and dismissed the action on the ground that even though the money was advanced as alleged in the petition, that money upon the death of the mother became what the law terms an advancement, that it was an irrevocable gift by a parent to a child in anticipation of the child's future share of the parent's estate and is to be taken into account upon distribution. Another reason for the trial court's action was that the Probate Court and not the Common Pleas had jurisdiction to determine what share the son should receive out of the estate. Upon error, prosecuted by Collins, the Court of Appeals held:

The general denial denying all the allegations of the petition put in issue questions of fact for the determination of a jury. The word "advanced" as used in the petition cannot be construed to mean advancement in its legal sense. Moreover, this allegation is denied by the answer.

The action was properly commenced in the Common Pleas. The Probate Court would not have jurisdiction to determine the question whether or not the son was indebted to the estate. That was a question of fact for the jury. Judgment reversed and cause remanded.

Attorneys—Ed. H. Williams and Wm. R. Collins, for Collins; Karl H. Caldwell, for Reiering; all of Cincinnati.

### No. 638
### HANKE BROS. CO. v. SILVER, INC.
Ohio Appeals, 1st Dist., Hamilton County
No. 2244    Nov. 26, 1923

677. JUDGMENT—Where default judgment was rendered the day after defendant filed a statement of defense, the case regularly stood for trial, and proceedings to vacate need not be commenced within the first three days of the succeeding term, as required by 11634 GC.

HAMILTON, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Cincinnati Municipal Court, wherein Samuel Silver, Inc., was plaintiff and Hanke Bros. was defendant. Plaintiff filed a bill of particulars, claiming money, on

May 21, 1920. Summons was served upon defendant company, which filed a statement of defense on June 1. On June 2, the Municipal Court entered a default judgment in the amount sued for. On July 30, thirty days after a new term of court had began, defendant filed a motion to set aside the default judgment. On Aug. 3, the court set it aside

The plaintiff thereupon took the case to the Common Pleas, which reversed the decision of the Municipal Court on the ground that a motion to set aside a default judgment should be filed within the rst three days of the succeeding term. The Hanke Co. prosecuted error to the Court of Appeals, which held:

By 11634 GC. the only circumstance under which a motion for a new trial must be filed within the first three days of the succeeding term is because the judgment was rendered before the action regularly stood for trial. Default for a failure to plead cannot be entered where the pleading, though out of time, is filed at the time the default is sought to be entered without first having such answer removed from the record. 58 OS. 202.

This case was at issue on the pleadings and regularly stood for trial and the requirement that a motion be filed within the first three days of the term succeeding did not apply. Judgment of Common Pleas reversed.

Attorneys—Bettenger, Schmitt & Kreis, for Hanke Co.; Burch & Peters, for Silver, Inc.; all of Cincinnati.

### No. 639
### KOCH v TENNISON
Ohio Appeals, 1st Dist., Hamilton County
No. 2313.   Jan. 7, 1924

745. MALICIOUS PROSECUTION — 1. Charges to jury are erroneous that fail to state clearly that plaintiff must prove malice.

2. Discharge after the hearing of witnesses makes a prima facie case of want of probable cause only.

HAMILTON, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in Common Pleas, wherein Alfred F. Tennison recovered a judgment against Albert G. Koch in an action for malicious prosecution. In charging the jury, the trial court said in the first charge that if plaintiff showed that he had been arrested, tried and dismissed after hearing of witnesses, he had made a prima facie case. In charges 2, 6 and 7, the court said in effect that if defendant in prosecuting plaintiff did not have reasonable grounds or an honest and sincere belief, then the verdict should be for plaintiff. Koch contending that these charges were erroneous, prosecuted error to the Court of Appeals, which held: